**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mariel "Nina" O'Brien-Olivo, a single woman | Case No.: |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| Arizona Board of Regents, an Arizona Public entity; The Sandra Day O'Connor College of Law at Arizona State University, an Arizona Corporation | |
| Defendants. | |

Plaintiff alleges as follows:

### NATURE OF THE CASE

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and specifically the overtime provision of the Act found at §207(a).

4. From September 2010 through April 2012, Defendants had a consistent policy and practice of allowing its employees to work well in excess of forty (40) hours per week without paying her time and a half for hours worked over forty (40) hours per week.

5. From September 2010 through April 2012, Plaintiff worked at least twenty-five to forty (25-40) hours in excess of forty (40) hours per week and was not paid time and a half.

6. Plaintiff seeks to recover unpaid overtime compensation, regular wage compensation, and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. The named Defendants, by virtue of their own acts and omissions or by virtue of

the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

10. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

11. The Arizona Board of Regents is a state entity created by the State of Arizona with jurisdiction and control over all of the public universities of Arizona, including Arizona State University ("ASU"). See A.R.S. § 15-1625(B).

12. The Sandra Day O'Connor College of Law at Arizona State University ("ASU Law") is a corporation incorporated in Arizona with its principal place of business at 1100 S. McAllister Ave, Tempe, AZ 85287.

13. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. §203(e)(1).

14. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendants.

15. At all relevant times, Defendants were and continue to be an employer as defined in 29 U.S.C. § 203(d).

16. At all times material to this action, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

17. Upon information and belief, at all relevant times, the annual gross revenue of Defendants exceeded $500,000.00.

## FACTUAL BACKGROUND

18. Arizona State University and the Sandra Day O'Connor College of Law hired Plaintiff as a non-exempt hourly paid legal assistant effective August 9, 2010.

19. Plaintiff's job responsibilities included facilitating program intakes, meeting with clients to help them reach their goals, locating resources in the community to aid clients, assist Sarah Buel in creating progress reports and as requested.

20. Defendants paid Plaintiff $19.23 per hour.

21. Sarah Buel would email Plaintiff on Saturdays and Sundays, Plaintiff's scheduled days off, and request that Plaintiff respond same-day.

22. Sarah Buel demanded that Plaintiff work after hours and on weekends.

23. Plaintiff submitted her timesheet to Sarah Buel for approval.

24. Sarah Buel refused to approve any timesheet on which Plaintiff indicated she worked hours over 40 in a work week.

25. Plaintiff routinely worked eighty to eighty-five hours per work week.

26. On April 8, 2012, after working approximately five hours on a Sunday, Plaintiff requested FMLA leave time for a heart condition.

27. FMLA was conditionally approved on April 9, 2012. Defendants required Plaintiff to work two additional days while on FMLA.

28. Sarah Buel required Plaintiff to work even though she was on approved FMLA leave and had been receiving extensive cardiology treatment in a hospital.

29. Plaintiff contacted Suzanne Morris and Lisa Highly of Human Resources and Employee Payroll and Sylvester Simons, Senior Human Resources Consultant, regarding her working conditions but was told her complaints were inconclusive.

30. Plaintiff was not a manager.

31. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

32. From September 2010 through April 2012, Defendants failed to properly compensate Plaintiff for any of her overtime hours.

33. Defendants' failure and/or or refusal to properly compensate Plaintiff at the rates and amounts required by the FSLA were/was willful.

34. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

35. Plaintiff has retained the law firm of Phillips Dayes Law Group, PC to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

36. Plaintiffs incorporate and adopt all preceding paragraphs as if fully set forth herein.

37. While employed by Defendants, Plaintiff consistently and regularly worked multiple hours of overtime per week.

38. Defendants have intentionally failed and/or refused to pay Plaintiff overtime in

accordance with the section 207 of the FLSA.

39. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages in the amount of unpaid overtime compensation.

40. Under 29 USC §216, Defendants are liable to Plaintiff for an amount equal to one and one half times her regular rate of pay for each hour of overtime worked per week.

41. Defendants' failure to compensate Plaintiff, in violation of the FLSA, was willful.

42. Defendants' did not make a good faith effort to comply with the FLSA.

43. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 USC §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due to her for all Plaintiff's time worked in excess of forty (40) hours per work week at an amount to one-half times Plaintiff's regular rate of pay while employed by Defendants;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d. For Plaintiff's costs incurred in this action;

e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all

amounts set forth in subsections (a) and (b) above from the date of payment due for that pay period until paid in full;

f. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLATORY JUDGMENT

44. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

45. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

46. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

47. Plaintiff may obtain declaratory relief.

48. Defendant employed Plaintiff.

49. Defendant is an enterprise covered by the FLSA.

50. Plaintiff is individually covered by the FLSA.

51. On certain occasions, Plaintiffs was not compensated at a rate of at least minimum wage for work performed for Defendants.

52. Plaintiffs is entitled to overtime wages pursuant to 29 U.S.C. §207.

53. Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

54. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's

policy of failing to pay proper overtime compensation remains in effect.

55. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

56. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

57. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

  a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

  b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

  c. For Plaintiff's costs incurred in this action.

  d. Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and all similarly situated employees hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: July 18, 2013  Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

　　　/s/ Trey Dayes
Trey Dayes
treyd@phillipslaw.com

Attorney for Plaintiffs